IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINALD BLOUNT,

    Petitioner,                                 No. 2:11-cv-01267 KJN P

    vs.

SACRAMENTO SUPERIOR COURT

    Respondent.                             <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding without counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

        Examination of the affidavit reveals that petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

        However, after reviewing the petition for writ of habeas corpus, the court finds that petitioner may have failed to exhaust his state court remedies. Petitioner challenges a sentence imposed in December 2008. Petitioner states that he did not pursue an appeal, and has

////

////

////

1

not sought collateral relief through the state courts.[1]  (Dkt. No. 1 at 5-6.)

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings.  See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner must satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

Here, because it does not appear that petitioner's claim has been presented to the California Supreme Court (and petitioner does not allege or demonstrate the unavailability of state court remedies), the petition will be dismissed with leave to file an amended petition that demonstrates exhaustion of petitioner's state court remedies.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (Dkt. No. 2) is granted; and

2. The petition for writ of habeas corpus (Dkt. No. 1) is dismissed with leave to

////
////
////
////

---

[1] The court notes that petitioner previously filed two petitions for writ of habeas corpus that were denied due to the pendency of the challenged state court proceedings, based on the principles of abstention set forth in Younger v. Harris, 401 U.S. 37, 46  (1971).  See Blount v. Sacramento District Court, Case No. 2:08-cv-01395JAM GGH P; Blount v. Templeton, Case No. 2:08-cv-1396 EFB P.

[2] Petitioner is cautioned, however, that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

1  file, within thirty days after the filing date of this order, an amended petition that demonstrates
2  exhaustion of petitioner's state court remedies.
3  DATED: May 19, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

7  blou1267.104

3