IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINALD BLOUNT,

    Petitioner,           No. 2:11-cv-01267 KJN P

  vs.

SACRAMENTO SUPERIOR COURT,

    Respondent.        <u>ORDER</u>

_____/

        On May 20, 2011, this court granted petitioner's application to proceed in forma pauperis, but dismissed petitioner's application for a writ of habeas corpus, with leave to file an amended petition demonstrating exhaustion of petitioner's state court remedies. The original petition challenges the calculation of petitioner's sentence rendered in December 2008, by the Sacramento County Superior Court. Petitioner now requests that this court send to the California Supreme Court a copy of petitioner's 57-page original petition and exhibits, due to petitioner's "indigent status at this mental hospital." (Dkt. No. 6.) Petitioner is housed at Atascadero State Hospital.

        It appears that petitioner improperly seeks, with this court's assistance, to exhaust his state court remedies during the pendency of the instant federal habeas action. However, a party is required to exhaust state court remedies before pursuing habeas relief in federal court, 28

1

U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982), and this court is unable to assist petitioner with that task.

In an abundance of caution, and as a one-time service, the court will nonetheless direct the Clerk of Court to send petitioner one copy of his original habeas petition, so that petitioner (not this court) may send any necessary documents to the California Supreme Court. The court will also extend the deadline on which petitioner must file an amended federal habeas petition. Petitioner is cautioned, however, that he cannot satisfy the federal exhaustion requirement by exhausting his state court remedies after commencing a federal habeas action; rather, exhaustion of state court remedies is a precondition to filing a federal habeas petition.[1] Where none of petitioner's federal claims have first been presented to the state's highest court, this court must dismiss the federal petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (a second habeas petition does not relate back to an original petition dismissed without prejudice for failing entirely to exhaust state remedies); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of unexhausted claims has not been extended to petitions containing no exhausted claims. Raspberry, 448 F.3d at 1154.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to send petitioner one copy of his original federal petition for writ of habeas corpus (Dkt. No. 1), including all exhibits attached thereto.

2. Petitioner shall file, within thirty days after the filing date of this order, an amended federal habeas petition that demonstrates exhaustion of petitioner's state court remedies.

---

[1] In addition, as the court previously noted (Dkt. No. 4 at 2 n. 2), petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date the state court judgment became final, and the statute of limitations is tolled during the pendency of a properly-filed application for state post-conviction or other collateral review. 28 U.S.C. § 2244(d).

        3. Failure of petitioner to comply with this order may result in the dismissal of this action without prejudice.

DATED:  June 7, 2011

                                              KENDALL J. NEWMAN
                                              UNITED STATES MAGISTRATE JUDGE

blou1267.misc.eot