IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINALD BLOUNT,

    Petitioner,        No. 2:11-cv-01267 KJN P

  vs.

SACRAMENTO SUPERIOR COURT,

    Respondent.        ORDER[1]

_____/

        By order filed May 20, 2011, this court granted petitioner's application to proceed in forma pauperis, but dismissed petitioner's application for a writ of habeas corpus, with leave to file an amended petition demonstrating exhaustion of petitioner's state court remedies. (Dkt. No. 4.) On June 8, 2011, this court extended the time for petitioner to demonstrate exhaustion of his state court remedies. (Dkt. No. 7.) In both orders, the court noted that petitioner appeared to be improperly attempting to exhaust his state court remedies during the pendency of the instant federal habeas action. The court emphasized that petitioner must first exhaust his state court remedies before pursuing federal habeas relief. 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982).

---

[1] Petitioner has consented to the jurisdiction of the magistrate judge for all purposes. (Dkt. No. 5.) See 28 U.S.C. § 636(c), and E.D. Cal. L. R. ("Local Rule") 305(a).

1

1    Petitioner has now filed, on June 24, 2011, a notice of "compliance," to which he
2 attached a copy of a writ of habeas corpus he filed in the California Supreme Court on May 31,
3 2011, which petitioner concedes was "filed after I rec[eiv]ed your order . . . ." (Dkt. No. 8 at 1;
4 see id. at 2-7.) Petitioner filed his initial petition in the instant action on May 11, 2011. (Dkt.
5 No. 1.) The state and federal petitions appear to challenge the same issues concerning
6 petitioner's conviction and sentence.

7    It is clear that petitioner did not exhaust his state court remedies before filing his
8 federal habeas petition. Therefore, this court has no choice but to dismiss the instant action.
9 Petitioner may file a *new* federal action after the California Supreme Court has acted on the
10 petition currently pending before it. Petitioner is again cautioned that the federal habeas corpus
11 statute imposes a one-year statute of limitations for filing non-capital habeas petitions in federal
12 court, which is tolled during the pendency of a properly-filed application for state collateral
13 review. 28 U.S.C. § 2244(d).

14    Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that this
15 action is dismissed without prejudice.

16 DATED: June 28, 2011

                                      _____
                                      KENDALL J. NEWMAN
                                      UNITED STATES MAGISTRATE JUDGE

20 blou1267.ord.disms